Erin L. Burke, California Bar No. 186660
James J. Ward, California Bar No. 263052
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Leon Bass, Jr., California Bar No. 127403
Michael J. Barrett, California Bar No. 207600
SOUTHERN CALIFORNIA EDISON COMPANY
244 Walnut Grove Avenue
P.O. Box 800
Rosemead, California 91770
Telephone: (626) 302-6907
Facsimile: (626) 302-5951

Attorneys for Defendant
SOUTHERN CALIFORNIA EDISON COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNEGY MOSS LANDING, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY,<br><br>　　　　　Defendant. | Case No. CV13-00996 JAK (Ex)<br><br>Assigned to the Honorable John A. Kronstadt for all purposes<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

Case 2:13-cv-00996-JAK-E

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the approval of the Court, that the following Stipulated Protective Order ("Order") shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery in this matter. In order to protect confidential information obtained by the parties in connection with this case, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

## Part One: Use Of Confidential Materials In Discovery

1. Any party may designate as "Confidential" (by stamping the relevant document or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain, reveal or reflect its own confidential business information or that of a third party, where there is a pre-existing obligation to keep that third party's information confidential, including, but not limited to, market quotations and competitive financial information, transaction terms, and regulatory information which is not publicly known; as well as any other information or materials prohibited from public disclosure by SCE's tariffs. Any document or response designated as "Confidential" shall be subject to protection under Rule 79-5.1, 79-5.2, and 79-5.3 of this Court's Local Rules ("Local Rules") and any other relevant provisions or decisions of law.

2. A party may designate information disclosed during a deposition or in any response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party may designate in writing, within thirty (30) calendar days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential." After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated

1  according to the designation until any dispute over the designation is resolved
2  according to the procedures described in Paragraph 10 of this Order, and counsel for the
3  parties shall be responsible for marking all previously unmarked copies of the
4  designated material in their possession or control with the specified designation.

5      3. All "Confidential" information produced or exchanged in the course of
6  this case shall be used by the party to whom the information is produced solely for the
7  purpose of this case. "Confidential" information shall not be used for any commercial,
8  competitive, personal, or other purpose.

9      4. Except with the prior written consent of the other party, or upon prior
10 order of this Court obtained upon notice to opposing counsel, "Confidential"
11 information shall not be disclosed to any person other than:

    (a) counsel for the respective parties to this litigation;
    (b) employees of such counsel;
    (c) individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this case;
    (d) consultants or expert witnesses retained for the prosecution or defense of this case, provided that each such person shall execute a copy of the Certification attached to this Order as Exhibit A (which shall be retained by counsel to the party disclosing the "Confidential" information and made available for inspection by opposing counsel during the pendency or after the termination of the case only upon good cause shown and upon order of the Court) before being shown or given any "Confidential" information;
    (e) any authors or recipients of the "Confidential" information;
    (f) the Court, court personnel, and court reporters; and
    (g) deposition witnesses, who, if not otherwise described in Paragraph 4 of this Order, shall sign the Certification before being shown a

[Proposed] Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

2

"Confidential" document. At the request of either party, the portion of the deposition transcript involving the "Confidential" information shall be designated "Confidential" pursuant to Paragraph 2 of this Order. Deposition witnesses shown "Confidential" information shall not be allowed to retain copies.

5. Any persons receiving "Confidential" information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any "Confidential" information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that "Confidential" information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed.

6. In any proceeding where a party wishes to file documents designated as "Confidential" by the other party, such filings shall be made provisionally under seal according to the procedures described in Local Rule 79-5.1. The Court shall thereafter seal the filing, as requested, unless objection is made by the opposing party pursuant to Paragraph 10 of this Order or good cause is shown by a non-party. If such objection is made by a party or non-party, the filing shall remain provisionally under seal until the Court resolves the dispute.

7. If another court or administrative agency subpoenas or orders a party to produce documents or information designated as "Confidential" by the other party, the party receiving the subpoena or order shall promptly notify opposing counsel of the issue and provide counsel a copy of said subpoena or order.

8. A party may designate as "Confidential" documents or discovery

materials produced by a non-party by providing written notice of the relevant document number(s) or other identification to the opposing party within thirty (30) calendar days of receiving such documents or discovery materials. Thereafter, the parties shall follow the procedures in Paragraph 10 of this Order.

9. Either party may voluntarily disclose to others without restriction any information that it, alone, designated as "Confidential," although any document containing such "Confidential" information will lose its confidential status if it is made public by the designating party. Such documents will not, however, lose their confidential status if they are made public through no fault of the designating party. If a party produces materials designated "Confidential" information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

10. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material as "Confidential." The party who designated the material shall have twenty (20) calendar days from the receipt of such written notice to apply to the Court for an order designating the material "Confidential." The party seeking the order has the burden of establishing that the document is entitled to protection.

11. Notwithstanding any challenge to the designation of material as "Confidential," all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the party who claims the material is "Confidential" withdraws such designation in writing or makes the material public; or

    (b) the party who claims the material is "Confidential" fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not "Confidential" information.

12. All provisions of this Order restricting the communication or use of "Confidential" information shall continue to be binding after the conclusion of this litigation, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of "Confidential" information, other than that which is contained in the pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than (30) calendar days after conclusion of this case to counsel for the party or non-party who provided such information, or (b) destroy such documents within that time period upon consent of the party or non-party who provided the information and notify the other party and any relevant non-party in writing within thirty (30) calendar days that the documents have been destroyed. Any material designated "Confidential" that is not returned or destroyed remains "Confidential" and subject to this Order.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

### Part Two:  Use of Confidential Materials in Court

The following provisions govern the treatment of "Confidential" information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.

14. A party that files with the Court, or seeks to use at trial, materials designated as "Confidential," and who seeks to have the record containing such information sealed, shall submit to the Court a motion or an application to seal pursuant to Local Rule 79-5.1.

15. A party that files with the Court, or seeks to use at trial, materials designated as "Confidential" by the opposing party, and who does not itself seek to

1    have the record containing such information sealed, shall give notice to the opposing
2    party, at least ten (10) business days prior to the filing or use of the "Confidential"
3    information, of its intention to file or use the "Confidential" information, including by
4    specifically identifying the "Confidential" information at issue. The affected party
5    may then file a motion to seal pursuant to Local Rule 79-5.1.

6         16. In connection with any request to have materials sealed pursuant to
7    Section Two of this Order, the requesting party's motion or application shall contain
8    sufficient particularity about the "Confidential" information at issue, and the basis for
9    sealing it, to enable this Court to decide the issue.

10 IT IS SO STIPULATED.

12 Dated:      April 4, 2013           JACKSON WALKER, L.L.P.

14                                     By: _____

16                                     Attorneys for Plaintiff
                                      DYNEGY MOSS LANDING, LLC

18 Dated:      April 2, 2013           JONES DAY

20                                     By: _____
21                                           James J. Ward

22                                     Attorneys for Defendant
                                    SOUTHERN CALIFORNIA EDISON
                                    COMPANY

24 **IT IS SO ORDERED**

26 Dated: 4/5/13                      _____
                                    Honorable ~~John A. Kronstadt~~
27                                     ~~United States District Court Judge~~
                                    Charles F. Eick
28                                     United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNEGY MOSS LANDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY,<br><br>Defendant. | Case No. CV13-00996 JAK (Ex)<br><br>Assigned to the Honorable John A. Kronstadt for all purposes<br><br>**DECLARATION OF COMPLIANCE REGARDING CONFIDENTIAL INFORMATION** |

## DECLARATION OF COMPLIANCE

I, (print or type full name) _____, declare under penalty of perjury under the laws of the State of California that the following statements are true and correct:

I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____.

1. I have read the Stipulated Protective Order entered in this case, a copy of which has been given to me.

2. I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order upon receipt of any "Confidential" information, document, or thing.

[Proposed] Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

3. I will be personally subject to the Stipulated Protective Order and all of its requirements and procedures, and will be subject to the jurisdiction of this Court for enforcement of the Stipulated Protective Order.

Executed at _____ on this \_\_\_\_\_ day of _____,
\_\_\_\_\_.

_____
(Signature)

LAI-3189157v1