1   Erin L. Burke, California Bar No. 186660
    James J. Ward, California Bar No. 263052
2   JONES DAY
    555 South Flower Street
3   Fiftieth Floor
    Los Angeles, California 90071
4   Telephone: (213) 489-3939
    Facsimile: (213) 243-2539
5
    Leon Bass, Jr., California Bar No. 127403
6   Michael J. Barrett, California Bar No. 207600
    SOUTHERN CALIFORNIA EDISON COMPANY
7   244 Walnut Grove Avenue
    P.O. Box 800
8   Rosemead, California 91770
    Telephone: (626) 302-6907
9   Facsimile: (626) 302-5951

10  Attorneys for Defendant
    SOUTHERN CALIFORNIA EDISON COMPANY

11

12

13

14          **UNITED STATES DISTRICT COURT**

            **CENTRAL DISTRICT OF CALIFORNIA**
15

16

17  DYNEGY MOSS LANDING, LLC,          **Case No. CV13-00996 JAK (Ex)**

18          Plaintiff,                  Assigned to the Honorable John A.
                                        Kronstadt for all purposes
19          v.

20  SOUTHERN CALIFORNIA EDISON
    COMPANY,                           **[PROPOSED] STIPULATED
21          Defendant.                 PROTECTIVE ORDER**

22

23

24

25

26

27

28
                                       [Proposed] Stipulated Protective Order
                                       Case No. CV13-00996 JAK (Ex)

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the approval of the Court, that the following Stipulated Protective Order ("Order") shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery in this matter. In order to protect confidential information obtained by the parties in connection with this case, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

## Part One: Use Of Confidential Materials In Discovery

1. Any party may designate as "Confidential" (by stamping the relevant document or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain, reveal or reflect its own confidential business information or that of a third party, where there is a pre-existing obligation to keep that third party's information confidential, including, but not limited to, market quotations and competitive financial information, transaction terms, and regulatory information which is not publicly known; as well as any other information or materials prohibited from public disclosure by SCE's tariffs. Any document or response designated as "Confidential" shall be subject to protection under Rule 79-5.1, 79-5.2, and 79-5.3 of this Court's Local Rules ("Local Rules") and any other relevant provisions or decisions of law.

2. A party may designate information disclosed during a deposition or in any response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party may designate in writing, within thirty (30) calendar days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential." After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated

1 according to the designation until any dispute over the designation is resolved

2 according to the procedures described in Paragraph 10 of this Order, and counsel for the

3 parties shall be responsible for marking all previously unmarked copies of the

4 designated material in their possession or control with the specified designation.

5     3. All "Confidential" information produced or exchanged in the course of

6 this case shall be used by the party to whom the information is produced solely for the

7 purpose of this case. "Confidential" information shall not be used for any commercial,

8 competitive, personal, or other purpose.

9     4. Except with the prior written consent of the other party, or upon prior

10 order of this Court obtained upon notice to opposing counsel, "Confidential"

11 information shall not be disclosed to any person other than:

12         (a)   counsel for the respective parties to this litigation;

13         (b)   employees of such counsel;

14         (c)   individual parties or officers or employees of a party, to the extent

15                deemed necessary by counsel for the prosecution or defense of this

16                case;

17         (d)   consultants or expert witnesses retained for the prosecution or

18                defense of this case, provided that each such person shall execute a

19                copy of the Certification attached to this Order as Exhibit A (which

20                shall be retained by counsel to the party disclosing the

21                "Confidential" information and made available for inspection by

22                opposing counsel during the pendency or after the termination of

23                the case only upon good cause shown and upon order of the Court)

24                before being shown or given any "Confidential" information;

25         (e)   any authors or recipients of the "Confidential" information;

26         (f)   the Court, court personnel, and court reporters; and

27         (g)   deposition witnesses, who, if not otherwise described in Paragraph

28                4 of this Order, shall sign the Certification before being shown a

1                  "Confidential" document.  At the request of either party, the portion

2                  of the deposition transcript involving the "Confidential"

3                  information shall be designated "Confidential" pursuant to

4                  Paragraph 2 of this Order.  Deposition witnesses shown

5                  "Confidential" information shall not be allowed to retain copies.

6       5.  Any persons receiving "Confidential" information shall not reveal or

7   discuss such information to or with any person who is not entitled to receive such

8   information, except as set forth herein.  If a party or any of its representatives, including

9   counsel, inadvertently discloses any "Confidential" information to persons who are not

10  authorized to use or possess such material, the party shall provide immediate written

11  notice of the disclosure to the party whose material was inadvertently disclosed.  If a

12  party has actual knowledge that "Confidential" information is being used or possessed

13  by a person not authorized to use or possess that material, regardless of how the

14  material was disclosed or obtained by such person, the party shall provide immediate

15  written notice of the unauthorized use or possession to the party whose material is

16  being used or possessed.

17      6.  In any proceeding where a party wishes to file documents designated as

18  "Confidential" by the other party, such filings shall be made provisionally under seal

19  according to the procedures described in Local Rule 79-5.1.  The Court shall thereafter

20  seal the filing, as requested, unless objection is made by the opposing party pursuant to

21  Paragraph 10 of this Order or good cause is shown by a non-party.  If such objection is

22  made by a party or non-party, the filing shall remain provisionally under seal until the

23  Court resolves the dispute.

24      7.  If another court or administrative agency subpoenas or orders a party to

25  produce documents or information designated as "Confidential" by the other party,

26  the party receiving the subpoena or order shall promptly notify opposing counsel of

27  the issue and provide counsel a copy of said subpoena or order.

28      8.  A party may designate as "Confidential" documents or discovery

[Proposed] Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

3

1    materials produced by a non-party by providing written notice of the relevant

2    document number(s) or other identification to the opposing party within thirty (30)

3    calendar days of receiving such documents or discovery materials. Thereafter, the

4    parties shall follow the procedures in Paragraph 10 of this Order.

5          9.  Either party may voluntarily disclose to others without restriction any

6    information that it, alone, designated as "Confidential," although any document

7    containing such "Confidential" information will lose its confidential status if it is

8    made public by the designating party. Such documents will not, however, lose their

9    confidential status if they are made public through no fault of the designating party. If

10   a party produces materials designated "Confidential" information in compliance with

11   this Order, that production shall be deemed to have been made consistent with any

12   confidentiality or privacy requirements mandated by local, state or federal laws.

13         10. If a party contends that any material is not entitled to confidential

14   treatment, such party may at any time give written notice to the party who designated

15   the material as "Confidential." The party who designated the material shall have

16   twenty (20) calendar days from the receipt of such written notice to apply to the Court

17   for an order designating the material "Confidential." The party seeking the order has

18   the burden of establishing that the document is entitled to protection.

19         11. Notwithstanding any challenge to the designation of material as

20   "Confidential," all documents shall be treated as such and shall be subject to the

21   provisions hereof unless and until one of the following occurs:

22         (a)    the party who claims the material is "Confidential" withdraws such

23                designation in writing or makes the material public; or

24         (b)    the party who claims the material is "Confidential" fails to apply to

25                the Court for an order designating the material confidential within

26                the time period specified above after receipt of a written challenge

27                to such designation; or

28         (c)    the Court rules the material is not "Confidential" information.

12. All provisions of this Order restricting the communication or use of "Confidential" information shall continue to be binding after the conclusion of this litigation, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of "Confidential" information, other than that which is contained in the pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than (30) calendar days after conclusion of this case to counsel for the party or non-party who provided such information, or (b) destroy such documents within that time period upon consent of the party or non-party who provided the information and notify the other party and any relevant non-party in writing within thirty (30) calendar days that the documents have been destroyed.  Any material designated "Confidential" that is not returned or destroyed remains "Confidential" and subject to this Order.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

### Part Two:  Use of Confidential Materials in Court

The following provisions govern the treatment of "Confidential" information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.

14. A party that files with the Court, or seeks to use at trial, materials designated as "Confidential," and who seeks to have the record containing such information sealed, shall submit to the Court a motion or an application to seal pursuant to Local Rule 79-5.1.

15. A party that files with the Court, or seeks to use at trial, materials designated as "Confidential" by the opposing party, and who does not itself seek to

1  have the record containing such information sealed, shall give notice to the opposing
2  party, at least ten (10) business days prior to the filing or use of the "Confidential"
3  information, of its intention to file or use the "Confidential" information, including by
4  specifically identifying the "Confidential" information at issue.  The affected party
5  may then file a motion to seal pursuant to Local Rule 79-5.1.
6          16. In connection with any request to have materials sealed pursuant to
7  Section Two of this Order, the requesting party's motion or application shall contain
8  sufficient particularity about the "Confidential" information at issue, and the basis for
9  sealing it, to enable this Court to decide the issue.

IT IS SO STIPULATED.

Dated:        April 4, 2013              JACKSON WALKER, L.L.P.


                                         By: _____

                                         Attorneys for Plaintiff
                                         DYNEGY MOSS LANDING, LLC


Dated:        April 2, 2013              JONES DAY


                                         By: _____
                                             James J. Ward

                                         Attorneys for Defendant
                                         SOUTHERN CALIFORNIA EDISON
                                         COMPANY

**IT IS SO ORDERED**

Dated: ___4/5/13_____              _____
                                         Honorable John A. Kronstadt
                                         United States District Court Judge
                                         Charles F. Eick
                                         United States Magistrate Judge

                                         [Proposed] Stipulated Protective Order
                                         Case No. CV13-00996 JAK (Ex)

6

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNEGY MOSS LANDING, LLC, | **Case No. CV13-00996 JAK (Ex)** |
| Plaintiff, | Assigned to the Honorable John A. Kronstadt for all purposes |
| v. | |
| SOUTHERN CALIFORNIA EDISON COMPANY, | **DECLARATION OF COMPLIANCE REGARDING CONFIDENTIAL INFORMATION** |
| Defendant. | |

## DECLARATION OF COMPLIANCE

I, (print or type full name) _____, declare under penalty of perjury under the laws of the State of California that the following statements are true and correct:

I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____.

1.    I have read the Stipulated Protective Order entered in this case, a copy of which has been given to me.

2.    I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order upon receipt of any "Confidential" information, document, or thing.

[Proposed] Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

3.    I will be personally subject to the Stipulated Protective Order and all of its requirements and procedures, and will be subject to the jurisdiction of this Court for enforcement of the Stipulated Protective Order.

Executed at _____ on this _____ day of _____,

_____.

_____
(Signature)

LAI-3189157v1

[Proposed] Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

8