1  Julia B. Strickland (State Bar No. 083013)
   John R. Loftus (State Bar No. 126841)
2  STROOCK & STROOCK & LAVAN LLP
   2029 Century Park East
3  Los Angeles, CA 90067-3086
   Telephone:  (310) 556-5806
4  Facsimile:  (310) 407-6306
   Email: lacalendar@stroock.com; jloftus@stroock.com
5
   Charles L. Babcock (*Admission Pro Hac Vice*)
6  Nancy W. Hamilton (*Admission Pro Hac Vice*)
   Joseph A. Fischer, III (*Admission Pro Hac Vice*)
7  Chevazz G. Brown (*Admission Pro Hac Vice*)
   JACKSON WALKER L.L.P.
8  1401 McKinney Street, Suite 1900
   Houston, Texas  77010
9  Telephone:  (713) 752-4200
   Facsimile:  (713) 752-4221
10 Email: cbabcock@jw.com; nhamilton@jw.com; tfischer@jw.com; cgbrown@jw.com

11 Attorneys for Plaintiff
12 DYNEGY MOSS LANDING, LLC

13 [Appearances Continued On Next Page]

14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17

18 DYNEGY MOSS LANDING, LLC,           | **Case No. CV13-00996 JAK (Ex)**

19              Plaintiff,              | Assigned to the Honorable John A.
                                        | Kronstadt for all purposes.
20       v.

21 SOUTHERN CALIFORNIA EDISON
   COMPANY,                             | [PROPOSED] AMENDED
22                                      | STIPULATED PROTECTIVE
              Defendant.                | ORDER
23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

AUG   8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Case 2:13-cv-00996-JAK-E

Erin L. Burke (State Bar No. 186660)
Michael S. McCauley (State Bar No. 186537)
James J. Ward (State Bar No. 263052)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Email: eburke@jonesday.com; msmccauley@jonesday.com; jward@jonesday.com

Leon Bass, Jr. (State Bar No. 127403)
Michael J. Barrett (State Bar No. 207600)
SOUTHERN CALIFORNIA EDISON COMPANY
244 Walnut Grove Avenue
P.O. Box 800
Rosemead, California 91770
Telephone: (626) 302-6907
Facsimile: (626) 302-5951
Email: leon.bass@sce.com; michael.barrett@sce.com

Attorneys for Defendant
SOUTHERN CALIFORNIA EDISON COMPANY

[Proposed] Amended Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

1

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the approval of the Court, that the following Amended Stipulated Protective Order ("Order") shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery in this matter. In order to protect confidential information obtained by the parties in connection with this case, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

### Part One:  Use Of Confidential Materials In Discovery

1.  Any party may designate as "Confidential" (by stamping the relevant document or as otherwise set forth herein) any document or response to discovery which that party considers in good faith to contain, reveal or reflect its own confidential business information or that of a third party, where there is a pre-existing obligation to keep that third party's information confidential, including, but not limited to, market quotations and competitive financial information, transaction terms, and regulatory information which is not publicly known; as well as any other information or materials prohibited from public disclosure by SCE's tariffs.  Any document or response designated as "Confidential" shall be subject to protection under Rule 79-5.1, 79-5.2, and 79-5.3 of this Court's Local Rules ("Local Rules") and any other relevant provisions or decisions of law.

2.  A party may designate information disclosed during a deposition or in any response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  In addition, a party may designate in writing, within thirty (30) calendar days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential."  After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated

1   according to the designation until any dispute over the designation is resolved
2   according to the procedures described in Paragraph 10 of this Order, and counsel for the
3   parties shall be responsible for marking all previously unmarked copies of the
4   designated material in their possession or control with the specified designation.

5       3.  All "Confidential" information produced or exchanged in the course of
6   this case shall be used by the party to whom the information is produced solely for the
7   purpose of this case.  "Confidential" information shall not be used for any commercial,
8   competitive, personal, or other purpose.

9       4.  Except with the prior written consent of the other party, or upon prior
10  order of this Court obtained upon notice to opposing counsel, "Confidential"
11  information shall not be disclosed to any person other than:

12          (a)     counsel for the respective parties to this litigation;

13          (b)     employees of such counsel;

14          (c)     individual parties or officers or employees of a party, to the extent
15                  deemed necessary by counsel for the prosecution or defense of this
16                  case;

17          (d)     consultants or expert witnesses retained for the prosecution or
18                  defense of this case, provided that each such person shall execute a
19                  copy of the Certification attached to this Order as Exhibit A (which
20                  shall be retained by counsel to the party disclosing the
21                  "Confidential" information and made available for inspection by
22                  opposing counsel during the pendency or after the termination of
23                  the case only upon good cause shown and upon order of the Court)
24                  before being shown or given any "Confidential" information;

25          (e)     any authors or recipients of the "Confidential" information;

26          (f)     the Court, court personnel, and court reporters; and

27          (g)     deposition witnesses, who, if not otherwise described in Paragraph
28                  4 of this Order, shall sign the Certification before being shown a

[Proposed] Amended Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

3

"Confidential" document. At the request of either party, the portion of the deposition transcript involving the "Confidential" information shall be designated "Confidential" pursuant to Paragraph 2 of this Order. Deposition witnesses shown "Confidential" information shall not be allowed to retain copies.

5. Any persons receiving "Confidential" information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any "Confidential" information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that "Confidential" information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed.

6. In any proceeding where a party wishes to file documents designated as "Confidential" by the other party, such filings shall be made provisionally under seal according to the procedures described in Local Rule 79-5.1. The Court shall thereafter seal the filing, as requested, unless objection is made by the opposing party pursuant to Paragraph 10 of this Order or good cause is shown by a non-party. If such objection is made by a party or non-party, the filing shall remain provisionally under seal until the Court resolves the dispute.

7. If another court or administrative agency subpoenas or orders a party to produce documents or information designated as "Confidential" by the other party, the party receiving the subpoena or order shall promptly notify opposing counsel of the issue and provide counsel a copy of said subpoena or order.

8. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice of the relevant document number(s) or other identification to the opposing party within thirty (30) calendar days of receiving such documents or discovery materials. Thereafter, the parties shall follow the procedures in Paragraph 10 of this Order.

9. Either party may voluntarily disclose to others without restriction any information that it, alone, designated as "Confidential," although any document containing such "Confidential" information will lose its confidential status if it is made public by the designating party. Such documents will not, however, lose their confidential status if they are made public through no fault of the designating party. If a party produces materials designated "Confidential" information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

10. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material as "Confidential." The party who designated the material shall have twenty (20) calendar days from the receipt of such written notice to apply to the Court for an order designating the material "Confidential." The party seeking the order has the burden of establishing that the document is entitled to protection.

11. Notwithstanding any challenge to the designation of material as "Confidential," all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a)    the party who claims the material is "Confidential" withdraws such designation in writing or makes the material public; or

    (b)    the party who claims the material is "Confidential" fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

1        (c)   the Court rules the material is not "Confidential" information.

12. All provisions of this Order restricting the communication or use of "Confidential" information shall continue to be binding after the conclusion of this litigation, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of "Confidential" information, other than that which is contained in the pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than (30) calendar days after conclusion of this case to counsel for the party or non-party who provided such information, or (b) destroy such documents within that time period upon consent of the party or non-party who provided the information and notify the other party and any relevant non-party in writing within thirty (30) calendar days that the documents have been destroyed.  Any material designated "Confidential" that is not returned or destroyed remains "Confidential" and subject to this Order.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

**Part Two:  Use of Confidential Materials in Court**

The following provisions govern the treatment of "Confidential" information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.

14. A party that files with the Court, or seeks to use at trial, materials designated as "Confidential," and who seeks to have the record containing such information sealed, shall submit to the Court a motion or an application to seal pursuant to Local Rule 79-5.1.

15. A party that files with the Court, or seeks to use at trial, materials designated as "Confidential" by the opposing party, and who does not itself seek to have the record containing such information sealed, shall give notice to the opposing party, at least ten (10) business days prior to the filing or use of the "Confidential" information, of its intention to file or use the "Confidential" information, including by specifically identifying the "Confidential" information at issue. The affected party may then file a motion to seal pursuant to Local Rule 79-5.1.

16. In connection with any request to have materials sealed pursuant to Section Two of this Order, the requesting party's motion or application shall contain sufficient particularity about the "Confidential" information at issue, and the basis for sealing it, to enable this Court to decide the issue.

### Part Three:  Designation of Certain
### Confidential Information as "Outside Counsel's Eyes Only"

17. A party may designate documents and materials as "Outside Counsel's Eyes Only" if such documents and materials contain particularly sensitive information that the producing party, or any party to this action, believes in good faith (i) cannot be disclosed to employees of the party receiving the information (including that party's in-house counsel, except as specifically identified in Paragraph 21(f) of this Order) without threat of competitive injury and/or (ii) disclosure of such sensitive information to employees of the party receiving the information (including that party's in-house counsel, except as specifically identified in Paragraph 21(f) of this Order) may violate certain rules, regulations or agreements with which the producing party must comply. The parties will attempt in good faith to use this designation as little as possible, but this Order in no way limits the parties' ability to designate any and all appropriate documents, materials, and information as "Outside Counsel's Eyes Only," subject to the non-designating party's right to challenge the designation pursuant to Paragraph 22 of this Order.   Any document, material, or information designated by a party as "Outside Counsel's Eyes Only" must be reviewed by an attorney prior to such

1  designation (or, in the case of anticipated testimony, must be considered by an attorney

2  prior to such designation).   The designation will constitute a certification by the

3  reviewing attorney that he or she in good faith believes the document, material, or

4  information in question requires the heightened level of protection under Fed. R. Civ. P.

5  26(c)(1)(g).

6      18. Documents and materials produced by a party to this action and

7  containing information for "Outside Counsel's Eyes Only" must be so designated on

8  each page at the time of service.   The parties may designate information disclosed in

9  response to any written discovery as "Outside Counsel's Eyes Only" by so indicating

10  the designation in their written responses.   The parties also may designate documents

11  and materials produced by any third party as "Outside Counsel's Eyes Only" by so

12  indicating within ten (10) calendar days of receipt of such materials from the third

13  party.

14      19. Either party may designate testimony given during any deposition as

15  "Outside Counsel's Eyes Only" by so indicating the designation on the record and

16  facilitating the preparation of a separate transcript that is suitable to share with the other

17  party's employees.  In that event, the designating party shall have five (5) business days

18  following receipt of those deposition transcripts to ensure that they accurately reflect all

19  "Outside Counsel's Eyes Only" designations (the "Review Period").   Outside counsel

20  for the non-designating party may not provide any version of the deposition transcript

21  (*i.e.*, neither the complete nor modified transcript) to any employee of the non-

22  designating party (except as specifically described in Paragraph 21(f) of this Order)

23  during the Review Period.   On or before the expiration of the Review Period, the

24  designating party shall notify the non-designating party's outside counsel in writing of

25  any error(s) in the transcripts regarding "Outside Counsel's Eyes Only" designations

26  and work expeditiously with the court reporter to correct such error(s).  Outside counsel

27  for the non-designating party shall allow the designating party a reasonable time to

28  correct the transcripts; however, the designating party waives any right to make

[Proposed] Amended Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

8

1    corrections to the transcripts regarding "Outside Counsel's Eyes Only" designation if it

2    does not provide written notice of the errors to the non-designating party's outside

3    counsel during the Review Period.

4        20. All "Outside Counsel's Eyes Only" information produced or exchanged

5    in the course of this case shall be used solely for the purpose of this case.  "Outside

6    Counsel's Eyes Only" information shall not be used for any commercial, competitive,

7    personal, or other purpose.

8        21. Access to and disclosure of "Outside Counsel's Eyes Only" material

9    marked and identified in accordance with Paragraphs 18 and 19 of this Order will be

10   limited solely to the following persons:

11       (a)   outside counsel for the respective parties to this litigation;

12       (b)   consultants or expert witnesses retained for the prosecution or

13       defense of this case, provided that each such person shall execute a

14       copy of the Certification attached to this Order as Exhibit A (which

15       shall be retained by counsel to the party disclosing the "Outside

16       Counsel's Eyes Only" information and made available for

17       inspection by opposing counsel during the pendency or after the

18       termination of the case only upon good cause shown and upon order

19       of the Court) before being shown or given any "Outside Counsel's

20       Eyes Only" information;

21       (c)   any authors or recipients of the "Outside Counsel's Eyes Only"

22       information, or other employees of the party that designated the

23       information as "Outside Counsel's Eyes Only";

24       (d)   the Court, court personnel, and court reporters;

25       (e)   third party deposition witnesses, who, if not otherwise described in

26       Paragraph 21 of this Order, shall sign the Certification, or otherwise

27       agree in writing or under oath to treat the document as

28       "Confidential" and protected in a manner consistent with the terms

of this Order, before being shown an "Outside Counsel's Eyes Only" document. At the request of either party, the portion of the deposition transcript involving the "Outside Counsel's Eyes Only" information shall be designated "Outside Counsel's Eyes Only" pursuant to Paragraph 19 of this Order. Deposition witnesses shown "Outside Counsel's Eyes Only" information shall not be allowed to retain copies; and

(f)     a single in-house attorney for each party, specifically identified and agreed to be Jason Kinzel for DML and Allan Johnson for SCE, on condition that each such in-house attorney agrees to be bound by the terms and conditions of this Order in all respects, including by agreeing not to provide, show, make available or otherwise communicate such "Outside Counsel's Eyes Only" materials to any other employee(s) of his or her company.

22. If a party contends that any material designated as "Outside Counsel's Eyes Only" is not entitled to or appropriate for such treatment, that party may at any time give written notice to the party making the designation. The designating party shall have twenty (20) calendar days from the receipt of such written notice to apply to the Court for an order designating the material "Outside Counsel's Eyes Only" pursuant to this Order. The party seeking the order has the burden of establishing that the document is entitled to and appropriate for such protection.

23. Notwithstanding any challenge to the designation of material as "Outside Counsel's Eyes Only," all documents and materials so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)     the party who claims the material is "Outside Counsel's Eyes Only" withdraws such designation in writing or makes the material public; or

[Proposed] Amended Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

10

(b)    the party who claims the material is "Outside Counsel's Eyes Only" fails to apply to the Court for an order designating the material as such within the time period specified in Paragraph 22 of this Order after receipt of a written challenge to such designation; or

(c)    the Court rules the material is not entitled to or appropriate for treatment as "Outside Counsel's Eyes Only" information.

24. Either party may voluntarily disclose to others without restriction any information that it, alone, designated as "Outside Counsel's Eyes Only," although any document containing such information will lose its confidential status if it is made public by the designating party.  Such documents will not, however, lose their confidential status if they are made public through no fault of the designating party.  If a party produces materials designated "Outside Counsel's Eyes Only" in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

25. Outside counsel for the parties shall not reveal or discuss "Outside Counsel's Eyes Only" information or materials to or with any person who is not entitled to receive such information, as set forth in Paragraph 21 of this Order.  If "Outside Counsel's Eyes Only" information or material is inadvertently disclosed to any person who is not authorized to use or possess such information or material, outside counsel for the party that made the inadvertent disclosure shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed.  If outside counsel for either party has actual knowledge that "Outside Counsel's Eyes Only" information or material is being used or possessed by a person not authorized to use or possess such information or material, regardless of how the information or material was disclosed to or obtained by such person, the outside counsel shall provide prompt written notice of the unauthorized use or possession to the party whose material is being used or possessed.

26. The parties must follow the procedures described in Paragraph 6 and Part Two of this Order when attempting to use documents or deposition testimony that has been designated "Outside Counsel's Eyes Only." In that event, the party that made the designation(s) may request that attendance for the portion of the hearing or trial where such documents or testimony will be used be restricted to only those individuals authorized to review such "Outside Counsel's Eyes Only" materials as described in Paragraph 21 of this Order. The designating party also may request that any corresponding hearing or trial transcripts be restricted to the same set of individuals.

27. All provisions of this Order restricting the communication or use of "Outside Counsel's Eyes Only" materials shall continue to be binding after the conclusion of this litigation, unless otherwise agreed or ordered. Upon conclusion of the litigation, outside counsel for each party shall dispose of all "Outside Counsel's Eyes Only" materials in its possession, other than that which is contained in the pleadings, correspondence, and deposition transcripts, by either (a) returning such documents no later than (30) calendar days after conclusion of this case to counsel for the party or non-party who provided such information, or (b) destroying such documents within that time period upon consent of the party or non-party who provided the information and notifying the other party and any relevant non-party in writing within thirty (30) calendar days that the documents have been destroyed. All materials designated "Outside Counsel's Eyes Only" must be returned or destroyed.

IT IS SO STIPULATED.

Dated:      July 30, 2013                    JACKSON WALKER L.L.P.

By:_____
Joseph A. Fischer, III

Attorneys for Plaintiff
DYNEGY MOSS LANDING, LLC

[Proposed] Amended Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

12

Dated:   ~~July 30,~~ August 1 2013                    JONES DAY

                                        By: _James J. Ward_____
                                            James J. Ward
                                        Attorneys for Defendant
                                        SOUTHERN CALIFORNIA EDISON
                                        COMPANY

**IT IS SO ORDERED**

Dated:  _8/8/13_____          _____
                                        Honorable Charles F. Eick
                                        United States Magistrate Judge

[Proposed] Amended Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

13

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DYNEGY MOSS LANDING, LLC, | **Case No. CV13-00996 JAK (Ex)** |
| Plaintiff, | Assigned to the Honorable John A. Kronstadt for all purposes |
| v. | |
| SOUTHERN CALIFORNIA EDISON COMPANY, | **DECLARATION OF COMPLIANCE REGARDING CONFIDENTIAL/OUTSIDE COUNSEL'S EYES ONLY INFORMATION** |
| Defendant. | |

**DECLARATION OF COMPLIANCE**

I, (print or type full name) _____, declare under penalty of perjury under the laws of the State of California that the following statements are true and correct:

I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____.

    1.    I have read the Amended Stipulated Protective Order entered in this case, a copy of which has been given to me.

    2.    I understand and agree to comply with and be bound by the provisions of the Amended Stipulated Protective Order upon receipt of any "Confidential" and/or "Outside Counsel's Eyes Only" information, document, or thing.

~~[Proposed]~~ Amended Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

14

Case 2:13-cv-00996-JAK-E

3.    I will be personally subject to the Amended Stipulated Protective Order and all of its requirements and procedures, and will be subject to the jurisdiction of this Court for enforcement of the Amended Stipulated Protective Order.

Executed at _____ on this _____ day of _____, _____.

_____
(Signature)

[Proposed] Amended Stipulated Protective Order
Case No. CV13-00996 JAK (Ex)

15